ORDER AND JUDGMENT*
PER CURIAM.
While each member of this panel provides different reasoning to reach the result, we affirm Mr. Sanchez-Gallegos’s conviction. Both Judge Holmes and Chief Judge Briscoe conclude that the district court did not err in admitting Mr. Sanchez-Gallegos’s initial un-Mirandized incriminating statement, reasoning that Miranda did not apply because Mr. Sanehez-Gallegos was not in custody when he made this statement. While Judge Holmes reasons that Mr. Sanehez-Gallegos was not in custody based on the totality of the circumstances considered in the context of a routine fixed border checkpoint as established in United States v. Massie, 65 F.3d 843 (10th Cir.1995), Chief Judge Briscoe concludes that the encounter with law enforcement exceeded the parameters of Massie. Nonetheless, Chief Judge Bris-coe reasons that Mr. Sanehez-Gallegos was not in custody based on the totality of the circumstances. Judge Ebel concludes that the district court erred in admitting Mr. Sanchez-Gallegos’s initial incriminating statement, reasoning that Mr. Sanchez-Gallegos was in custody when this statement was made based on the totality of the circumstances. However, Judge Ebel reasons that this error was harmless because Mr. Sanchez-Gallegos’s extensive and detailed post-Miranda statements were admissible and vastly outweighed the *59 impact of the initial un-Mirandized incriminating statement. Accordingly, for the foregoing reasons, we AFFIRM Mr. Sanchez-Gallegos’s conviction.

 This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.